UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN LABORERS' PENSION FUND, TRUSTEES OF; MICHIGAN LABORERS' HEALTH CARE FUND, TRUSTEES OF; MICHIGAN LABORERS' VACATION FUND, TRUSTEES OF; MICHIGAN LABORERS' TRAINING & APPRENTICESHIP FUND, TRUSTEES OF; MICHIGAN LABORERS' ANNUITY FUND, TRUSTEES OF; MICHIGAN LABORERS' AND EMPLOYERS' COOPERATION AND EDUCATION TRUST FUND, TRUSTEES OF; MICHIGAN LABORERS' DISTRICT COUNCIL OF THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO,

Plaintiffs,

v.

WMRA, INC.,

Defendant.
_____/

Case No. 1:18-cv-00512

U.S. District Judge
  Gordon J. Quist

U.S. Magistrate Judge
  Ray Kent

**PLAINTIFFS' MOTION FOR AN ORDER REQUIRING DEFENDANT'S AGENT TO SUBMIT TO A CREDITOR'S EXAMINATION AND RESTRAIN THE TRANSFER OF DEFENDANT'S NON-EXEMPT ASSETS**

This Court entered Judgment against WMRA on October 7, 2019, but Judgment remains unsatisfied, with an amount due of $521,378.48.

Pursuant to Federal Rule of Civil Procedure 64, and MCL 600.6104 and 600.6116, Plaintiffs move for an Order requiring Defendant submit to a creditor's examination and restraining the transfer of Defendant's non-exempt assets, except in partial or full satisfaction of the Default Judgment in this matter or in the ordinary course of business, without approval of Plaintiffs or the Court. In support of their motion, Plaintiffs rely upon their attached supporting brief and material.

Plaintiffs seek entry of the proposed Order being submitted with their motion.

Plaintiffs sought, but have not yet received, concurrence.

> <u>*/s/ Megan B. Boelstler*</u>
> Christopher P. Legghio (P27378)
> Megan B. Boelstler (P79125)
> Legghio & Israel, P.C.
> 306 South Washington Avenue, Suite 600
> Royal Oak, Michigan 48067-3837
> 248.398.5900
> cpl@legghioisrael.com
> mbb@legghioisrael.com
>
> Attorneys for Plaintiffs

April 14, 2021

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN LABORERS' PENSION FUND, TRUSTEES OF; MICHIGAN LABORERS' HEALTH CARE FUND, TRUSTEES OF; MICHIGAN LABORERS' VACATION FUND, TRUSTEES OF; MICHIGAN LABORERS' TRAINING & APPRENTICESHIP FUND, TRUSTEES OF; MICHIGAN LABORERS' ANNUITY FUND, TRUSTEES OF; MICHIGAN LABORERS' AND EMPLOYERS' COOPERATION AND EDUCATION TRUST FUND, TRUSTEES OF; MICHIGAN LABORERS' DISTRICT COUNCIL OF THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO,

                   Plaintiffs,

v.

WMRA, INC.,

                   Defendant.
_____/

Case No. 1:18-cv-00512

U.S. District Judge
  Gordon J. Quist

U.S. Magistrate Judge
  Ray Kent

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION FOR AN ORDER REQUIRING DEFENDANT'S AGENT TO SUBMIT TO A CREDITOR'S EXAMINATION AND RESTRAIN THE TRANSFER OF DEFENDANT'S NON-EXEMPT ASSETS**

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................... ii

WD LR 7.1 STATEMENT OF REASONS IN SUPPORT ..................................... iii

INTRODUCTION ..................................................................................................... 1

SUMMARY OF FACTS ........................................................................................... 1

ARGUMENT ............................................................................................................. 2

I.     THE COURT SHOULD ORDER A CREDITOR'S EXAMINATION AND THE RESTRAINT ON ASSET TRANSFERS ..................................... 2

         A.     THE LAW ................................................................................................ 2

         B.     HERE, CREDITOR'S EXAMINATION AND RESTRAINT ON ASSET TRANSFERS ARE APPROPRIATE ............................... 3

CONCLUSION ......................................................................................................... 6

# INDEX OF AUTHORITIES

**Cases**

*Bricklayers Pension Trust Fund – Metropolitan Area v Richard Mason Construction Company,* USDC Case No. 05-13483 (E.D. Mich.).......................5

*Bricklayers Pension Trust Fund – Metropolitan Area v Tieppo Masonry, Inc.,* USDC Case No. 06-11979 (E.D. Mich.).......................................5

*Laborers Pension Trust Fund – Detroit & Vicinity v Argus Pressure Grouting Services, Inc.,* USDC Case No. 72417 (E.D. Mich.) ...........................5

*Laborers' Pension Trust Fund – Detroit & Vicinity v Nicholas Equipment, LLC,* USDC Case No. 04-71742 (E.D. Mich.)........................................4

*Operating Engineers Local 324 Health Care Plan v Big Foot Construction, LLC,* USDC Case No. 09-10768 (E.D. Mich.)........................................5

*Trustees of Bricklayers Pension Trust Fund – Metropolitan Area v Monte Costella, Inc.,* USDC Case No. 09-11870 (E.D. Mich.)........................5

*Trustees of the Bricklayers Pension Trust Fund – Metropolitan Detroit Area v E & R Masonry Construction, Inc.,* USDC Case No. 09-105051 (E.D. Mich.)...........................................................................5

**Statutes**

MCL 600.6101 ...................................................................................2

MCL 600.6104 ........................................................................... iii, 2, 3

MCL 600.6116 ............................................................................. iii, 3

**Court Rules**

Federal Rules of Civil Procedure 64........................................................2

## WD LR 7.1 STATEMENT OF REASONS IN SUPPORT

Plaintiffs are entitled to an Order requiring Defendant submit to a creditor's examination and restraining Defendant from transferring, encumbering or otherwise disposing of its non-exempt assets, pursuant to MCL 600.6104 and 600.6116, as the Judgment against WMRA remains unsatisfied with an amount due of $521,378.48.

# INTRODUCTION

Plaintiffs obtained Default Judgment against Defendant WMRA in this ERISA fringe benefit collection action to collect unpaid fringe benefits earned by laborers who worked for WMRA since 2011. WMRA has failed to satisfy the judgment. So, Plaintiffs seek an order requiring Defendant WMRA's 2019 Resident Agent and Fed. R. Civ. P. 30(b)(6) deponent in this case, Douglas Blouw, to submit to a creditor's exam and restrain WMRA from transferring assets.

# SUMMARY OF FACTS

1. On October 7, 2019, a Default Judgment for $542,347.40 was entered by the Court against Defendant. This is the amount of benefit contributions and interest and assessments owed by Defendant for an audit period of January 2011 through November 23, 2018. The Court also retained jurisdiction to enforce its Order. (R38).

2. Plaintiffs are engaged in post-judgment collection efforts.

3. Plaintiffs have served writs of garnishment on its financial institution and contractors. The garnishee disclosures from the financial institutions and contractors have reduced the amount owed by $20,968.92 (Ex. 3). Defendant has paid no monies toward the Judgment except through writs of garnishment.

4. The judgment remains unsatisfied with an amount due of **$521,378.48.**

5. Plaintiffs seek to examine Douglas Blouw, the 2019 Resident Agent and President of the corporate Defendant, and a WMRA Fed. R. Civ. P. 30(b)(6) deponent in this case. (Ex. 1).

## ARGUMENT

**I. THE COURT SHOULD ORDER A CREDITOR'S EXAMINATION AND THE RESTRAINT ON ASSET TRANSFERS**

**A. THE LAW**

Under Fed. R. Civ. P. 64, state law procedures apply to post-judgment execution. MCL 600.6101 *et. seq.* governs proceedings supplementary to a judgment, which may be taken "until the judgment is satisfied, vacated or barred by the statute of limitations." MCL 600.6101.

Under Michigan law, after judgment the Court may order discovery of the judgment debtor's property and prevent the transfer of money or assets. MCL 600.6104 provides that, following entry of a money judgment and pursuant to a motion, the Court may grant the following relief:

> (1) Compel a discovery of any property or things in action belonging to a judgment debtor, and of any property, money, or things in action due to him, or held in trust for him;

> \*\*\*

> (5) Make any order as within his discretion seems appropriate in regard to carrying out the full intent and purpose of these provisions to subject any non-exempt assets of any judgment debtor to the satisfaction of any judgment against the judgment debtor.

2

And, under MCL 600.6116 an order for a creditor's examination may contain an order restraining transfers of assets:

> (1) An order for examination of a judgment debtor may contain a provision of restraining the judgment debtor from making or suffering any transfer or other disposition of, or interference with any of his property then held or thereafter acquired by or becoming due to him not exempt by law from application to the satisfaction of the judgment, until further direction in the premises, and such other provisions as the court may deem proper.
>
> (2) Unless previously vacated by order of the court or by stipulation of the parties in writing, a restraining provision as herein provided shall remain in full force and effect for a period of 2 years from the date thereof, at which time it shall be deemed vacated for all purposes unless extended by the court for good cause shown.

**B.    CREDITOR'S EXAMINATION AND RESTRAINT ON ASSET TRANSFERS ARE APPROPRIATE**

This Court should order Defendant's Resident Agent to appear at a creditor's examination and to produce documents showing WMRA's assets. This examination is necessary to uncover any assets of Defendant that may be available or become available for full or partial satisfaction of the Default Judgment. This relief is authorized by MCL 600.6104 (1) and 600.6116(1). Plaintiffs seek to depose Douglas Blouw. Mr. Blouw is the 2019 Resident Agent and President of the corporate Defendant (Ex. 1), and a WMRA Fed. R. Civ. P. 30(b)(6) deponent in this case.

3

Due to the current COVID-19 pandemic, Plaintiffs seek to depose Mr. Blouw via Zoom videoconference.

This Court should also enter an Order restraining Defendant from transferring, encumbering or otherwise disposing of (hereafter "transfer") their assets, except for the purpose of fully or partially satisfying the Default Judgment or in the ordinary course of business, without approval from Plaintiffs or the Court. Such an Order is necessary to prevent Defendant from dissipating or transferring assets that might otherwise be available to satisfy the Judgment.

This Court has routinely issued post-judgment creditor's examinations, including requirements to produce related documents, and restraining orders. (Ex. 2). For example, in *Laborers' Pension Trust Fund – Detroit & Vicinity v Nicholas Equipment, LLC,* USDC Case No. 04-71742 (E.D. Mich.), Judge Roberts entered an October 5, 2006 Order which states:

> IT IS ORDERED that Richard Schofield . . . appear at the offices of Erman, Teicher, Miller, Zucker and Freedman. . .to be examined under oath concerning the income, property, or other means of satisfying the Judgment entered herein against the defendant on April 14, 2006.
>
> IT IS FURTHER ORDERED that said person shall bring with him the following books, records and papers in his possession, custody, or control:
>
> \*\*\*

4

> IT IS FURTHER ORDERED that said person is restrained from transferring or disposing of any of the company's property, whether now owned or hereafter acquired, until further order of this Court.  This order does not apply to property exempt by law from application to satisfaction of the judgment.

See also the following orders, Exhibit 2, granting the plaintiffs' motion for judgment debtor examination and the production of related documents, and issuing a restraining order:

- *Trustees of Bricklayers Pension Trust Fund – Metropolitan Area v Monte Costella, Inc.,* USDC Case No. 09-11870 (E.D. Mich.) (Judge Lawson, January 21, 2010 Order);

- *Operating Engineers Local 324 Health Care Plan v Big Foot Construction, LLC,* USDC Case No. 09-10768 (E.D. Mich.) (Judge O'Meara, August 7, 2009 Order);

- *Trustees of the Bricklayers Pension Trust Fund – Metropolitan Detroit Area v E & R Masonry Construction, Inc.,* USDC Case No. 09-105051 (E.D. Mich.) (Judge Lawson February 1, 2010 Order);

- *Bricklayers Pension Trust Fund – Metropolitan Area v Richard Mason Construction Company,* USDC Case No. 05-13483 (E.D. Mich.) (Judge Duggan September 19, 2006 Order);

- In *Bricklayers Pension Trust Fund – Metropolitan Area v Tieppo Masonry, Inc.,* USDC Case No. 06-11979 (E.D. Mich.) (Judge Zatkoff March 12, 2008 Order); and

- *Laborers Pension Trust Fund – Detroit & Vicinity v Argus Pressure Grouting Services, Inc.,* USDC Case No. 72417 (E.D. Mich.) (Judge Feikens November 9, 2006 Order).

## CONCLUSION

Plaintiffs' motion should be granted.  This Court should enter the proposed Order requiring Defendant to appear for a creditor's examination and produce related records, and restraining the transfer of Defendant's non-exempt assets, except for the purpose of completely or partially satisfying the Default Judgment or in the ordinary course of business, without approval of Plaintiffs or the Court.

        /s/ Megan B. Boelstler
Christopher P. Legghio (P27378)
Megan B. Boelstler (P79125)
306 South Washington, Suite 600
Royal Oak, Michigan 48067-3837
248.398.5900
cpl@legghioisrael.com
mbb@legghioisrael.com

Attorneys for Plaintiffs

April 14, 2021

## CERTIFICATE OF COMPLIANCE

This brief, per Microsoft Word, is 1,136 words.

*/s/Megan B. Boelstler*

## CERTIFICATE OF CONCURRENCE

Plaintiffs sought, but have not yet received, concurrence.

*/s/Megan B. Boelstler*

## CERTIFICATE OF SERVICE

I certify that on April 14, 2021, I caused the foregoing paper to be electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of interest participating in the CM/ECF system.

I also certify that on April 14, 2021 I caused the foregoing paper to be served upon Douglas Blouw and his sister, Melissa Schuiling of WMRA, by email at dblouwwmra@gmail.com and westmirecagg@aol.com, respectively:

> Douglas Blouw
> WMRA, Inc.
> P.O. Box 907
> Grandville, Michigan 49468-0907
>
> Douglas Blouw
> 4370 Creekview Drive
> Hudsonville, Michigan 49426-1920
>
> Douglas Blouw
> 2710 Sanford Avenue, S.W.
> Grandville, Michigan 49418-1071

I also certify that I arranged to have the foregoing paper personally served on Douglas Blouw.

*/s/Megan B. Boelstler*